(19 App. Div. 490.)

### MARTIN v. HYDE.

(Supreme Court, Appellate Division, Third Department.   July 6, 1897.)

LIMITATIONS—PAYMENT BY ONE JOINT MAKER.

One M. and his mother made their joint and several promissory note, payable in one year, with interest.  At the end of the year M. paid the interest, and requested an extension of the loan for another year, which was granted, and the same course was pursued for nine years, M. in each case paying the interest, and applying for the extension in his own name, and without professing to act for his mother.  M. testified, in an action on the note against his mother's administrator, without contradiction, that the money for the interest did not come from his mother, and that she knew nothing of the payments.  *Held*, that such payments did not take the note out of the statute of limitations as against M.'s mother; and the fact that he sometimes mingled her moneys, held by him as agent, with his own, made no difference.

Appeal from judgment on report of referee.

Action by Charles M. Martin against William H. Hyde, as administrator with the will annexed of E. Maria Mygatt.  Judgment for plaintiff, and defendant appeals.  Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edmund O'Connor, for appellant.

Howard D. Newton, for respondent.

LANDON, J.   The defendant's testatrix, E. Maria Mygatt, and her son, William R. Mygatt, borrowed $5,000 of Ann V. Martin, November 13, 1882, and on the same day gave her their joint and several promissory note for the amount, payable one year from date, with

interest. Mrs. Mygatt had a considerable estate, and her son, William, was her agent in its management, with full power and discretion to do as he thought proper, with a single exception, not material here. William was engaged in large business affairs, and was believed to be, and probably was, possessed of large means. When the note became due, he paid the interest upon it, and requested an extension of the time of payment, which was accorded. He continued from year to year to pay the interest, and make the like request for extension, which was granted. His last payment of interest was November 12, 1892, shortly after which time William, having become insolvent, suspended payment. This action was commenced August 7, 1893. The defense on behalf of Mrs. Mygatt, who died since the trial, was the statute of limitations. If William, in paying the interest year by year, did so for his mother as well as for himself, the learned referee was right in directing judgment against her. If he paid it solely upon his own account, actually and ostensibly, then the statute of limitations was available to Mrs. Mygatt as a defense. Shoemaker v. Benedict, 11 N. Y. 176; McMullen v. Rafferty, 89 N. Y. 456; Murdock v. Waterman, 145 N. Y. 55, 39 N. E. 829. The evidence, which in this respect is without contradiction, shows that William Mygatt made every successive payment of interest, and asked for every extension of the time of payment of the principal, in form in his own name, and in no instance professing to act for his mother. William testified: "No portion of the moneys that were paid as interest on this note came from my mother, directly or indirectly, or from her estate. So far as I have any knowledge, my mother did not know anything about these payments by me." William testified that he kept correct accounts of his transactions as agent for his mother, and his mother offered his books in evidence to corroborate his testimony, but the referee refused to receive them. We do not hold this to be error. We refer to it as emphasizing the statement that there was no contradiction of William's testimony which we have quoted. The most that can be said is that; if William had paid the interest upon the account of his mother as well as his own, his authority to do so might have been found, but, as he did not so pay it, it is immaterial what finding might have been made if the supposed fact had been the actual one. Much attention was given upon the trial to the question whether Mrs. Mygatt was a joint borrower of the money, or mere surety for her son. The referee found that she was a joint borrower. Accepting this finding as true, it does not affect the evidence that after the note was given the son treated the debt as his own, and paid the interest upon it out of his own funds, upon his sole account. It was necessary for the plaintiff to show at least one payment on behalf of Mrs. Mygatt at some time during the six years immediately preceding the commencement of the action. William R. Mygatt resided in Denver, Colo.; Cyrus B. Martin, the holder of the note, resided in Norwich, Chenango county, N. Y.; and the defendant, Mrs. Mygatt, in Oxford, in said county. The payment made in November, 1887, is shown by the letter of Mr. Mygatt to Mr. Martin, then the holder of the note, as follows:

"I inclose herewith N. Y. check for $300, for interest due on your note on the 13th inst. I would be glad to have the note run for another year, if entirely agreeable to you, upon the same terms."

### To which Mr. Martin answered:

"Yours, with check for $300 in payment of interest upon your note, was received Saturday last. For the present, let the note stand as it is. I may need it later, but will notify you in time if I should."

### In November, 1888, Mr. Mygatt wrote to Mr. Martin thus:

"You have herewith N. Y. draft for $300 in payment of interest due on your note on the 13th inst. If entirely agreeable to you, I will be glad to have you carry the loan for another year upon the same terms. The collateral I shall desire to change, taking up the certificate you have, and send you in place thereof real-estate loans that are first liens, and abundantly secured, representing more in value than the amount of the loan."

### To which Mr. Martin answered:

"Yours of the 9th inst. at hand, with draft for $300 inclosed. Interest to Nov. 13, 1888, has been indorsed on your note of $5,000. You may replace the collateral as proposed."

The letters of Mr. Mygatt to Mr. Martin in November, 1889, 1890, 1891, and 1892, and Mr. Martin's answers to them, are substantially the same with respect to the inclosures of interest, and the acknowledgments of their receipt, and Mr. Mygatt's requests for extension, and Mr. Martin's assents to the requests. Mr. Mygatt sometimes mingled his mother's money with his own. She made no complaint of that irregularity. If she had no need to invoke it for her protection, we do not see how the plaintiff could do it to her prejudice. It is for her protection, if she needs it, that she can pursue her funds, which her agent has diverted, so far as she can trace them without prejudice to innocent parties. If she had no occasion to do so, and did not do so, then no trust was impressed upon her funds in her agent's hands. Whatever personal use he made of them, she assented to, and the plaintiff, not defrauded thereby, cannot change the transaction, and thus claim that she did constructively what she never intended to do actually, and never did do. If, therefore, the son ever drew his check for the interest upon his bank account, replenished by his deposit of his mother's moneys to his own credit, it would, upon the facts here disclosed, afford no warrant for the finding that he paid the interest upon joint account out of their joint funds. As William never charged his mother with any payment upon the note, she never had any occasion to ratify or repudiate such payments. We think the finding of fact that the appellant made any payment of interest upon the note is against the evidence.

Judgment reversed, new trial granted; costs to abide the event. Referee discharged. All concur.